# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARIA STRAMA and JAN STRAMA, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 15 C 9927 |
| | ) |
| TOYOTA MOTOR SALES, U.S.A., INC., | ) |
| and TOYOTA MOTOR CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Toyota Motor Sales, U.S.A., Inc.'s (Toyota) motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

In 2006, Plaintiff Maria C. Strama and Plaintiff Jan Strama allegedly purchased a new 2007 Toyota RAV4 vehicle (Vehicle). Plaintiffs contend that after they purchased the Vehicle, they repeatedly needed to take the Vehicle to a Toyota dealer (Dealer) to fix the problem of excessive oil consumption and a smell of burning oil in the Vehicle. Each time Plaintiffs took the Vehicle to the Dealer for repair, the Dealer allegedly changed the oil in the Vehicle and performed an oil

1

consumption test, but failed to fix the problem. Plaintiffs contend that they later discovered that the Vehicle has a design defect that causes it to consume oil at an excessively high rate. Plaintiffs further allege that Toyota failed to notify consumers or its dealers of the alleged defect. Plaintiffs brought the instant action in Illinois state court and Toyota removed the instant action to federal court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(c). Plaintiffs include in their complaint claims brought under the Illinois Consumer Fraud and Deceptive Business Practices Act (IFCA), 815 ILCS 505/1 *et seq.* (Count I), and breach of the duty of good faith and fair dealing claims (Count II). Toyota now moves to dismiss the claims brought against Toyota pursuant to Federal Rule of Civil Procedure 12(b)(1) (Rule 12(b)(1)) and Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) (Rule 12(b)(1)) requires a court to dismiss an action when it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), the court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff"). When subject matter jurisdiction is not apparent on the face of the complaint and is contested, "the district court may properly look beyond the jurisdictional allegations of the complaint . . . to determine whether in fact subject matter jurisdiction exists." *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir.

1999)(internal quotations omitted)(quoting *United Transportation Union v. Gateway Western Railway Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996)). The burden of proof in regards to a Rule 12(b)(1) motion is on the party asserting that the court has subject matter jurisdiction. *Id.*

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

**DISCUSSION**

I. Subject Matter Jurisdiction

Toyota argues that there is no case or controversy presented in this case and that this court lacks subject matter jurisdiction. In order to show that a court has Article III standing, a plaintiff must establish: (1) that he "has suffered an injury in fact that is . . . concrete and particularized and . . . actual or imminent, not conjectural or hypothetical," (2) that "the injury is fairly traceable to the challenged action of the defendant," and (3) that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015)(internal quotations omitted)(quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167 (2000)); *see also Dunnet Bay Const. Co. v. Borggren*, 799 F.3d 676, 688-89 (7th Cir. 2015) (explaining that in addition to Article III standing requirements there are "also prudential limitations on standing"). Toyota contends that in 2015 it implemented a warranty enhancement program, also known as a Special Policy Adjustment (SPA), which provided for repair services and reimbursement of costs to customers whose vehicle had the oil consumption defect. Toyota contends that it has offered to repair the defect in the Vehicle and that Plaintiffs can obtain both prospective repair relief and compensatory relief for out-of-pocket costs incurred prior to the SPA.

Toyota contends that, to the extent that Plaintiffs fear what costs Toyota may not cover, the instant action is not ripe. The ripeness doctrine is premised "on the

4

Constitution's case-or-controversy requirements as well as discretionary prudential considerations." *Wisconsin Right to Life State Political Action Comm. v. Barland*, 664 F.3d 139, 148 (7th Cir. 2011). A claim may not be ripe if it is based upon "uncertain or contingent events that may not occur as anticipated, or not occur at all." *Id.* Claims that are premised on "hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts" are unripe. *Wisconsin Cent., Ltd. v. Shannon*, 539 F.3d 751, 759 (7th Cir. 2008)(stating that "[r]ipeness is predicated on the central perception . . . that courts should not render decisions absent a genuine need to resolve a real dispute")(internal quotations omitted)(quoting *Lehn v. Holmes*, 364 F.3d 862, 867 (7th Cir. 2004)).

In the instant action, Toyota has pointed to the terms of the SPA that should in theory cover all of the past and future costs to Plaintiffs and contends that Plaintiffs will be fully reimbursed for their costs. Plaintiffs do not dispute that they have failed to request reimbursement from Toyota in accordance with the SPA. Plaintiffs in response merely speculate as to the coverage of the SPA based on a "Frequently Asked Questions" insert regarding the SPA, and a technical service bulletin for the Vehicle. Plaintiffs, however, have not shown that such documents would preclude reimbursement. For example, Plaintiffs point to the following in the "Frequently Asked Questions" as evidence that they will not be fully reimbursed:

> **Will Toyota pay for my oil change?**
> No. If your vehicle requires an oil change (based upon mileage or time) when you request to have the oil consumption test performed, the cost of the oil change will be your responsibility. If the vehicle is within the terms of this

> warranty enhancement program and requires the addition of oil to perform the oil consumption test procedure, it will be provided free of charge.

(D Ex. 2). Nothing in the above text states that a customer who seeks to have a vehicle with the alleged defect, which is covered by the warranty, will have to pay for an oil change. The text merely provides that if a vehicle is due to a regularly scheduled oil change when a request is made for an oil consumption test, the customer must pay for the oil change. Plaintiffs have not pointed to any concrete terms in the SPA that would preclude a full reimbursement to Plaintiffs.

Plaintiffs also speculate as to parts availability and the inconvenience and delay that might be caused. Plaintiffs argue that it would be unfair to make them wait for "months, if not years for the repair simply because [Toyota] does not have necessary parts replacement [sic] available for the repairs." (Resp. 6). Plaintiffs, however, provide absolutely no evidence or facts to support their fears of months and years of waiting because of some sort of parts shortage. Plaintiffs must offer more than such speculation to pursue a claim in federal court. Plaintiffs admittedly have not sought to be made whole under the SPA and the fears that they premise their claims on in this case are the type of hypothetical and speculative concerns that are not ripe for adjudication in a court of law. To the extent that Plaintiffs seek to hold Toyota accountable for not honoring the terms of the SPA or providing Plaintiffs full reimbursement for the alleged defect, such a claim is also premature. *See, e.g., Horton Archery, LLC v. Farris Bros.*, 2014 WL 5847531, at *4 (S.D. Miss. 2014)(stating that the "ability to honor hypothetical future warranty claims" was not

ripe).

Plaintiffs have cited to the recent ruling in *Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663 (2016) in support of their position that the SPA will not suffice to negate subject matter jurisdiction. However, the court in *Gomez* addressed an issue concerning an offer of judgment and the mootness doctrine. *Id.* at 669-71. The instant action involves the ripeness doctrine and does not involve an offer of judgment and the mootness doctrine. Thus, *Gomez* is not on point. Plaintiffs also argue that what Toyota is attempting to do is essentially make an offer of judgment and that jurisdiction is not lost simply because a defendant tries to provide a warranty after being sued. However, in this case the warranty was offered before the suit was filed. The SPA was provided to consumers in early January 2015 and the instant action was not filed in state court until September 2015. Plaintiffs in fact reference the SPA in their complaint filed in state court. (Compl. Par. 103). Thus, the allegations in this case indicated that Plaintiffs chose to ignore the SPA offered to them and to instead initiate litigation and attempt to initiate a class action to obtain the precise relief offered to them in the SPA. Therefore, this court lacks jurisdiction in this matter.

II. Sufficiency of Facts

Toyota also contends that Plaintiffs have failed to allege sufficient facts to state a valid ICFA claim. A claim that is "premised upon a course of fraudulent conduct" and "sounds in fraud" must be pled with particularity in accordance with

7

Federal Rule of Civil Procedure 9(b). *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736-37 (7th Cir. 2014)(internal quotations omitted)(quoting *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 446-47 (7th Cir. 2011)). To plead with particularity, the plaintiff must allege "the who, what, when, where, and how of the fraud." *Id.* In response, to the instant motion, Plaintiffs, apparently recognizing the deficiencies in their pleading, contends that they are alleging that Toyota's conduct "was unfair, though not necessary [sic] deceptive." (Resp. 8). However, a review of the facts alleged by Plaintiffs shows that they allege deception by Toyota. Plaintiffs assert that Toyota lured consumers to buy vehicles that Toyota knew had hidden defects. Plaintiffs alleged that Toyota failed to disclose the "concealed design defect" to consumers such as Plaintiffs and that Toyota "actively concealed the dangerous risk of the" defect before consumers bought vehicles. (A Compl. Par. 2, 7, 9, 85 122, 124). Plaintiffs further allege that Toyota made misrepresentations to consumers such as Plaintiffs about the Vehicle in communications such as advertisements. (A Compl. Par. 125, 132). Such facts relating to misrepresentations and efforts to conceal facts are based upon alleged fraudulent conduct and sound in fraud.

Nor do Plaintiffs allege that Toyota acted unknowingly when selling to consumers such as Plaintiffs and later learned of its mistake. Plaintiffs allege that Toyota acted with knowledge prior to the sales of vehicles, making, for examples, misrepresentations in advertisements. (A. Compl. 121-125). Such alleged facts relating to deception sound in fraud, not simply unfair conduct and negligence.

Thus, Plaintiffs were required to plead with particularity. Plaintiffs include in their amended complaint vague references to Toyota's practices as to customers in general and to "misrepresentations," and misstatements made in advertisements. (A Compl. Par. 125, 132). Plaintiffs fail to specifically allege who made what exact misrepresentations or omissions concerning the Vehicle and precisely when the alleged misconduct occurred. Nor do Plaintiffs allege specific communications in which misstatements were made or which contained material omissions. Nor do Plaintiffs make clear what the precise practices that Toyota employed to engage in the alleged fraud. Plaintiffs' general statements that Toyota has been concealing information from consumers and making misstatements to consumers for years are not sufficient to plead with particularity the specific facts as to the alleged fraud in regard to the two Plaintiffs in this case. Thus, even if this court had subject matter jurisdiction in this case, Plaintiffs have failed to allege sufficient facts to state a valid ICFA claim.

Also, since Plaintiffs failed to allege sufficient facts for the ICFA claim, the breach of the duty of good faith and fair dealing claims would be dismissed as well since they cannot be stand-alone claims. *Gore v. Indiana Ins. Co.*, 876 N.E.2d 156, 161-62 (Ill. App. Ct. 2007)(stating that "[i]t is well established that the duty of good faith and fair dealing is implied in every contract" and that "it is not an independent source of duties for contracting parties"). The court also notes that, in any case, Plaintiffs have agreed to dismiss the breach of the duty of good faith and fair dealing claims. (Resp. 1 n.1). Based on the above, Toyota's motion to dismiss is granted.

**CONCLUSION**

Based on the foregoing analysis, Toyota's motion to dismiss is granted. The court also notes that the claims brought against Defendant Toyota Motor Corporation cannot proceed for the same reasons provided as to Toyota in the instant opinion. Therefore all claims brought against Defendant Toyota Motor Corporation are dismissed as well. The court also notes that the docket reflects that Defendant Toyota Motor Corporation has not been served in this matter yet, and any claims remaining against it would have been dismissed due to the failure to serve as well.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 12, 2016